NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINGMING YIN,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>    Respondent. | No. 19-71092<br><br>Agency No. A201-212-072<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

 Mingming Yin, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant in part and deny in part the petition for review, and we remand.

In deciding Yin's asylum and withholding of removal claims, the BIA assumed Yin was credible, determined she received sufficient opportunity to explain her lack of corroborating evidence, and denied relief based on finding that Yin failed to adequately corroborate her claims. The BIA did not address whether the IJ provided Yin proper notice that corroboration was required, and this was error. *See Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011) (setting out the sequential analysis an IJ must follow when corroborating evidence is required of an otherwise credible applicant, including that "the IJ must give the applicant notice of the corroboration that is required"). Further, the BIA's determination that Yin was afforded a sufficient opportunity to corroborate her claim is unsupported. *See id.* at 1092 ("demanding corroboration immediately on the day of the hearing would raise serious due process concerns by depriving an applicant of his guarantee of a reasonable opportunity to present evidence on his behalf." (internal citation and quotation marks omitted)); *see also Lai v. Holder*, 773 F.3d 966, 975-76 (9th Cir. 2014) (concluding that reliance on failure to provide corroborating evidence was procedurally improper where applicant never received notice of a

19-71092

need to produce the corroborative evidence identified in the IJ's decision or an opportunity to either produce the evidence or explain its unavailability). Thus, we grant the petition for review as to Yin's asylum and withholding of removal claims, and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

As to Yin's CAT claim, the BIA assumed she provided sufficient corroborating evidence and denied her claim based on the failure to meet her burden of proof. Substantial evidence supports that determination because Yin failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Yin's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**